

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# USA v. McKenzie

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4914

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. McKenzie" (2008). *2008 Decisions.* Paper 990.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/990

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4914
_____

UNITED STATES OF AMERICA

v.

BRIAN K. McKENZIE,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-CR-00352)
District Judge:  The Honorable Gary L. Lancaster
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 2, 2008

Before:  FISHER and JORDAN, *Circuit Judges*, and YOHN,* *District Judge*.

(Filed: June 23, 2008)
_____

OPINION
_____

_____

*The Honorable William H. Yohn, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

Brian McKenzie appeals the District Court's judgment entered on November 21, 2006, after McKenzie pleaded guilty to conspiracy to manufacture less than five grams of methamphetamine and possession of a firearm by a convicted felon. McKenzie pleaded guilty after the District Court denied McKenzie's motion to suppress, and he preserved his right to appeal the District Court's denial of this motion under Federal Rule of Criminal Procedure 11(a)(2). McKenzie argues that the District Court erred in denying his motion to suppress evidence obtained after law enforcement officers seized and searched sealed garbage bags McKenzie had placed on the curb outside his residence for collection by a private agency. For the reasons discussed herein, we will affirm.

**I.**

At the time of the events in question, McKenzie resided in a trailer park community in Cranberry Township, Butler County, Pennsylvania. In July 2005, Special Agent Andrew Petyak of the Drug Enforcement Administration ("DEA") received information from the DEA's chemical control unit that McKenzie had ordered red phosphorus from a foreign manufacturer and that the red phosphorus had been shipped to McKenzie's home. This information raised Petyak's suspicions because red phosphorus is a chemical used in the production of methamphetamine.

With the assistance of the Cranberry Township Police Department, DEA agents surveilled McKenzie's residence on July 14, 2005. They seized a closed, dark-colored

2

garbage bag that was sitting inches from the curb outside McKenzie's residence. The agents then took the bag to the Cranberry Township Police Department, where they searched it. Among the contents of the bag were an envelope with McKenzie's name on it; empty pseudoephedrine packets; three empty bottles of methanol, a gasoline antifreeze; and a receipt for the antifreeze and for Coleman fuel. Petyak identified these items as ingredients used to produce methamphetamine.

On July 21, 2005, DEA agents and Cranberry Township police again surveilled McKenzie's residence. They again seized a closed, dark-colored garbage bag that had been left in the same location on the curb outside McKenzie's residence, transported the bag to the police department, and searched the bag. Agents found three empty bottles of antifreeze, two empty pseudoephedrine boxes, a receipt for the purchase of antifreeze, a receipt for a pseudoephedrine purchase, and a letter addressed to McKenzie in the bag. Based largely on the evidence obtained from the garbage bags, Petyak then secured a search warrant, which was issued on July 22, 2005, and searched McKenzie's residence, where additional evidence was found.

A grand jury indicted McKenzie on November 10, 2005 for conspiracy to manufacture less than five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846; possession of acetone and iodine, List II chemicals, with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

3

McKenzie then moved to suppress the evidence obtained during the search of his house, arguing that probable cause for the search was lacking because the affidavit used to obtain the search warrant was based on the evidence illegally obtained from the search of his trash, in violation of his Fourth Amendment rights.

The District Court held a suppression hearing on July 16, 2006, during which McKenzie and Petyak testified. Petyak described the events set forth above. McKenzie admitted that he had placed the seized garbage bags on the curb on the nights in question, and he testified that he expected that the contents of the garbage bags were private. After hearing this testimony, the District Court found that "The credible evidence establishes that defendant, by placing his garbage on the curb, exposed his garbage to the public sufficiently to defeat his claim of Fourth Amendment protection." The District Court also found that "having deposited his garbage in an area particularly suited for public inspection, in a matter of speaking, public consumption, for the express purpose of having strangers take it, defendant would have no reasonable expectation of privacy in the items he discarded." Relying on *California v. Greenwood*, 486 U.S. 35 (1988), and Third Circuit precedent, the District Court denied McKenzie's motion to suppress.

After the District Court denied McKenzie's motion to suppress, McKenzie pleaded guilty to conspiracy to manufacture less than five grams of methamphetamine and possession of a firearm by a convicted felon. McKenzie preserved his right to appeal the District Court's denial of his motion to suppress under Federal Rule of Criminal

Procedure 11(a)(2). The District Court then sentenced McKenzie to twelve months plus one day of imprisonment followed by three years of supervised release for each count, to run concurrently. McKenzie filed a timely appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's factual findings in a suppression hearing for clear error. *United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006) (citing *United States v. Kiam*, 432 F.3d 524, 527 (3d Cir. 2006)). We have plenary review over the District Court's legal rulings and over mixed questions of law and fact. *Id.*

## III.

McKenzie argues that the District Court erred in ruling that society does not recognize a reasonable expectation of privacy in the contents of garbage bags placed at the curb for collection. He recognizes, however, that in *Greenwood*, the Supreme Court held that the Fourth Amendment does not prohibit the warrantless seizure and search of garbage left for collection on a curb outside of the curtilage of the home. In *Greenwood*, the Court employed the two-part analysis set forth by *Katz v. United States*, 389 U.S. 347 (1967) (Harlan, J. concurring). The Court concluded that even though the *Greenwood* defendants had a subjective expectation of privacy in their garbage, society was not prepared to accept that expectation as objectively reasonable. The Court found that the

5

defendants had "exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection." *Greenwood*, 486 U.S. at 40. McKenzie concedes that *Greenwood* is still the controlling authority for Fourth Amendment protections of garbage bags left on the curb outside the curtilage of the home for pick up by a third party. Furthermore, he has not attempted to factually distinguish his case from *Greenwood*. *Greenwood* compels the conclusion that when McKenzie placed his garbage on the curb outside of the curtilage of his home, he sufficiently exposed it to the public to defeat his claim that the garbage was protected by the Fourth Amendment. Third Circuit precedent, cited approvingly by the Supreme Court in *Greenwood*, also compels this conclusion. *See United States v. Reicherter*, 647 F.2d 397, 399 (3d Cir. 1981) ("Having placed the trash in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it, it is inconceivable that the defendant intended to retain a privacy interest in the discarded objects. If he had such an expectation, it was not reasonable.").

We are bound to follow the Supreme Court's precedent and this circuit's precedent. The District Court, similarly bound, did not err in finding that McKenzie had sufficiently exposed his garbage to the public to defeat any claims of Fourth Amendment protections or in denying McKenzie's motion to suppress.

We will therefore affirm the judgment of the District Court.

6